UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-297-9 |
| | § | |
| SAUL VILLANUEVA GARCIA | § | |

## ORDER

Pending before the Court is Saul Villanueva Garcia's motion for documents (D.E. 330), whereby Garcia requests copies of his indictment, plea agreement, presentence investigation report (PSR), judgment, and docket sheet. He seeks these materials to assist him in preparing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which has not yet been filed.

Assuming that Garcia can establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents only when he can establish that the documents are necessary to decide an issue in a pending suit and that the suit is not frivolous. *See* 28 U.S.C. § 753(f); *see also United States v. Herrera*, 474 F.2d 1049, 1049–50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). Because Garcia has nothing pending, the Court is not authorized to grant his request.

---

[1]. Garcia has not submitted an affidavit of indigency, nor any financial information concerning his prison account or his current financial condition. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Garcia is, in fact, indigent.

For the foregoing reasons, Garcia's motion for documents (D.E. 330) is **DENIED**. The Clerk's office is instructed to send Garcia a copy of his docket sheet and instructions as to how to purchase copies of any unsealed documents should he wish to do so. Garcia may review his PSR, which is sealed, with his prison case manager.

ORDERED this 9th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE