United States District Court
Southern District of Texas
**ENTERED**
November 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-297-9 |
| | § | |
| SAUL VILLANUEVA GARCIA; aka | § | |
| CHEQUE | § | |

## ORDER

Pending before the Court is Defendant/Movant Saul Villanueva Garcia's motion to reconsider the Court's October 24, 2016 Order denying his motion to reduce sentence under 18 U.S.C. § 3582 and Amendment 782 to the U.S. Sentencing Guidelines. D.E. 362.

Also known as "Drugs Minus Two", Amendment 782 reduces the base offense level by two levels for all drugs. The Court previously denied Defendant's motion under Amendment 782 because he "was sentenced in accordance with the 2014 U.S. Sentencing Guidelines, which incorporated the 2-level amended drug quantity table." D.E. 361. Defendant has cited no evidence or authority showing the Court's conclusion was erroneous. Instead, Defendant asks the Court to consider his "Inmate Skills Development Plan" detailing courses he has completed in prison as evidence of his post-sentencing rehabilitation. D.E. 362-1.

The Court has authority to modify or correct a previously-imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009); *United States v. Bridges*, 116 F.3d 1110, 1112

(5th Cir. 1997). These circumstances are: (1) upon a motion for reduction by the Director of the Bureau of Prisons under certain circumstances; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. 18 U.S.C. § 3582(c); *Ross*, 557 F.3d at 238. Defendant already received the benefit of Amendment 782, and he has failed to show that he otherwise qualifies for relief under the limited circumstances set out in § 3582(c). While Defendant's post-sentencing rehabilitation efforts are commendable, the Court is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. notes 1(B)(iii).

Accordingly, Defendant's motion to reconsider (D.E. 362) is **DENIED**.

ORDERED this 30th day of November, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE