United States District Court
Southern District of Texas
**ENTERED**
January 24, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-297-9 |
| | § | CIVIL NO. 2:16-230 |
| SAUL VILLANUEVA GARCIA; aka | § | |
| CHEQUE | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Saul Villanueva-Garcia's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 335), to which the United States has responded (D.E. 357). For the reasons stated below, Movant's § 2255 motion is **DENIED**.

### I. Background

On June 11, 2014, Movant was charged with conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count S1) and conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(B) and 1956(h) (Count S2). He was arrested on June 24, 2014, in Georgia.

While Movant was awaiting transfer to Texas, Atlanta-based attorney Michael Friedman met with him to discuss the charges, but Friedman ultimately declined representation because he had a conflict of interest. Friedman instead referred Movant to his office mate, Michael Duponte. Movant's family retained Duponte, who in turn secured and paid Texas attorney Randall Barrera as his local counsel. On July 9, 2014,

attorney Barrera filed a notice of appearance on Movant's behalf, and on July 14, 2014, the Court granted attorney Duponte's motion to appear pro hac vice in this case. Duponte and Barrera both represented Movant in these proceedings until October 7, 2014, when Movant's common-law wife terminated Duponte's representation, leaving Barrera as sole counsel.

On October 8, 2014, Movant pled guilty before the Magistrate Judge pursuant to a written plea agreement. In exchange for his guilty plea, the Government agreed to recommend that Movant receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. As part of the plea agreement, Movant waived his right to appeal his sentence or file a motion under 28 U.S.C. § 2255. This Court accepted the Findings and Recommendation on Plea of Guilty and ordered the Probation Office to prepare a Presentence Investigation Report (PSR).

Movant's base offense level, based on 13,815 kilograms of marijuana, was 36. He received a two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B) because he was convicted under 18 U.S.C.§ 1956 and a four-level enhancement under U.S.S.G. §3B1.1(a) because he was an organizer/leader in a criminal activity that involved five or more participants or was otherwise extensive. After credit for acceptance of responsibility, his total offense level was 39. Based on a criminal history category of I, Movant's guideline range of imprisonment was 262 to 327 months.

Shortly before sentencing, Movant sent a letter to the Court and AUSA Hampton requesting new counsel. At the scheduled sentencing hearing, Movant complained that Barrera had not explained the PSR to him. 3/13/2015 Tr., D.E. 351, p. 4. However,

Movant ultimately decided to proceed with attorney Barrera. *Id.*, p. 8. Sentencing was continued until June 18, 2015, at which time the Court sentenced Movant to 262 months' imprisonment on Count S1 and 240 months on Count S2, to run concurrently, to be followed by five years' supervised release on Count S1 and three years' supervised release on Count S2, also to run concurrently. Judgment was entered June 22, 2015. Movant did not appeal, but instead mailed the present motion on June 13, 2016. It is timely.

## II. Movant's Allegations

Movant's § 2255 motion raises multiple claims of ineffective assistance of counsel against attorneys Friedman and Barrera. Movant claims that Friedman rendered ineffective assistance "by overpromising and underdelivering"—passing him off to Duponte and Barrera instead of representing Movant himself. Movant further alleges that Barrera was ineffective for: (1) failing to properly disclose and explain the relationship between himself and Friedman, and to withdraw as counsel once Friedman's services were terminated, (2) failing to properly translate and explain the plea agreement and the effects of a guilty plea, which rendered Movant's plea unknowing and involuntary, and (3) failing to render adequate legal assistance in connection with cooperation debriefings.

## III. Legal Standards

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a

sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B. Ineffective Assistance of Counsel**

An ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

When a defendant pleads guilty, the prejudice prong of *Strickland* requires the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To show prejudice in the sentencing context, a defendant must show that counsel's deficient performance resulted in any amount of prison time above that the defendant would have received if the forfeited complaint had been advanced at trial or on appeal. *United States v. Grammas*, 376 F.3d 433, 438–39 (5th Cir. 2004).

## IV. Analysis

### A. Attorney Friedman

Movant complains that Friedman (1) "promised me and my family unrealistic results (*i.e.*, dismissal of charges)," (2) "passed me off to an unknown lawyer . . . without advising me and without obtaining my consent," and (3) "promote[d] disharmony, ill-will, and unease in the lawyer/client relationship . . . leading to prejudice and poor legal outcome." D.E. 335, p. 9.

"[A] defendant's constitutional right to effective assistance of counsel does not extend to those cases where a non-appearing attorney: (1) gives a defendant legal advice even though he has not been retained by the defendant to help prepare his defense; or (2) is retained by the defendant but his conflict of interest or deficient performance is not reflected in the conduct of the defense at trial." *Stoia v. United States*, 22 F.3d 766, 769 (5th Cir. 1994). Still, "[a]n attorney's constitutional ineffectiveness can manifest itself at trial even though the attorney never appears in court," if the non-appearing lawyer "calls

the shots" or directly influences how the defendant's trial attorney conducts the case. *Id.* at 769–70.

Movant claims that he retained Friedman and wired him $20,000. However, he concedes that Friedman never represented him in this case, but instead immediately passed him off to Duponte and then Barrerra. Movant does not allege that Friedman "called the shots" or had any influence over Duponte and/or Barrerra's defense strategy. Accordingly, Movant's ineffective assistance of counsel claim against Friedman must fail.

### B. Attorney Barrera

> ### 1. Failure to properly explain the relationship between himself and Friedman and to withdraw as counsel once Friedman's services were terminated

Movant claims that Barrera had an obligation to inform him that Friedman would not be representing him, to provide him with the details of Barrera's arrangement with Friedman to represent him, and to secure his consent to the arrangement. Movant further alleges that Barrera "had an obligation to seek leave to withdraw as counsel so as to avoid poor defense representation engendered by non-payment of legal fee. His failure to do so constitutes ineffective assistance of counsel because an unpaid, or underpaid, defense attorney taints all the legal proceedings and results in obvious prejudice." D.E. 335, p. 10.

The record shows that Duponte paid Barrera a $5,000 fee for representing Movant. Barrera Aff., D.E. 348, p. 1–2; Duponte Aff., D.E. 347-2, pp. 1–2. Movant stated at rearraignment that he had hired Barrera and was "fully satisfied" with Barrera's services.

10/8/2014 Tr., D.E. 345, pp. 8–10. Movant also told the Court during his March 13, 2015 hearing that he did not want to terminate Barrera and ask the Court to appoint new counsel.  3/13/2015 Tr., D.E. 351, pp. 7–8.

Movant's allegations are not supported by the record and they fail to meet either prong of *Strickland*. Movant does not allege that Barrera's substantive representation was ineffective, nor does he explain how the outcome of his case would have been different had Barrera been paid more. Because Movant's allegations do not concern Barrera's actual representation, they do not state a claim for ineffective assistance of counsel.

### 2.  Failure to properly translate and explain the plea agreement and the effects of a guilty plea

Next, Movant claims that Barrera provided ineffective assistance regarding the plea agreement because he did not "go over all the details and all the effects." D.E. 335, p. 10. Specifically, Barrera left Movant with the "erroneous belief that [he] would ultimately receive a modest prison sentence." *Id.* Movant claims Barrera's ineffectiveness rendered his guilty plea unknowing and involuntary.

These allegations are refuted by Movant's statements under oath during the rearraignment hearing. At rearraignment, Movant acknowledged that he was facing a minimum sentence of 10 years, up to life imprisonment. 10/8/2014 Tr., pp. 15–16. He testified that he and Barrera had discussed how the Sentencing Guidelines might be calculated and applied in his case, and that he understood Barrera's estimated guideline range would not be binding on the Court. *Id.*, p. 19–20. Movant also testified that Barrera read to him in Spanish everything he was not able to read or translate for himself. *Id.*, p.

5. Specifically, Barrera read to Movant and discussed with him "each and every paragraph of th[e] Plea Agreement." *Id.* pp. 20–21. Finally, Movant stated that he entered into the Plea Agreement voluntarily and did not have any questions about it. *Id.*, p. 24.

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002); *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea). Accordingly, the Court finds there is no merit to Movant's allegation that Barrera failed to translate and explain to him the plea agreement and the effects of a guilty plea.

### 3. Failure to render adequate legal assistance in connection with cooperation debriefings

Finally, Movant alleges that Barrera was ineffective because his only preparation for Movant's post-plea debriefings with the Government was to advise Movant to "tell the truth." D.E. 335, p. 11. According to Movant, Barrera "had an absolute duty to (within reason) advocate on [Movant's] behalf to ensure that [he] received the benefit of [his] cooperation." *Id.* Movant states that he "required extensive preparation in connection with [his] debriefings so as to make a favorable image in the eyes of the gov't," and Barrera had a duty to help Movant "sell[] himself as a worthy candidate." *Id.* According to Movant, Barrera refused to prepare him for debriefings with the Government as punishment for not being paid, and Barrera's "limited advice" to tell the truth only helped ensure that Movant did not receive a downward departure. *Id.*

Under Section 5K1.1, the Government has the sole discretion to file a motion stating that a defendant has provided substantial assistance in the investigation or prosecution of another person and requesting that the Court depart downward at sentencing. U.S.S.G. § 5K1.1. The record shows that Movant did not receive credit for substantial assistance because he quit talking with the Government after particular topics came up. *See* Barrera Aff., p. 2. Barrera "implored [Movant] to continue the de-briefing we started because it would be the only way to reduce his sentence," but Movant refused. *Id.* Movant does not contradict Barrera's account of the debriefings, nor does he state that he did provide substantial assistance. Moreover, the evidence shows that Barrera was paid for his services, which belies Movant's claim that Barrera refused to prepare him for his debriefings as punishment for nonpayment.

Because Movant has failed to show that he was entitled to a § 5K.1 downward departure, he has not demonstrated ineffective assistance of counsel in failing to secure such a departure.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

**V. Conclusion**

For the reasons stated herein, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 335) is **DENIED**.  Movant's request for an

evidentiary hearing is DENIED and a certificate of appealability is DENIED.

ORDERED this 24th day of January, 2017.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE